## WALSH v. NEW YORK & Q. C. RY. CO.

(Supreme Court, Appellate Division, Second Department.   March 6, 1903.)

1. MASTER AND SERVANT—NEGLIGENCE—CARE REQUIRED OF SERVANT.
   A servant who, in the discharge of his duties, ascends a telegraph pole, is not bound to fasten the pole with guy ropes, braces, etc., unless the danger of proceeding otherwise is known and obvious.

2. SAME—TOOLS—CHOICE OF TOOLS.
   An electric lineman, who ascends a telegraph pole for the purpose of cutting wires, has a right to use such of the appliances furnished as appear to him to be reasonably safe for the performance of the task.

3. SAME—INSPECTION BY SERVANT.
   Where an electric lineman, in the discharge of his duties, ascends a telegraph pole, it is not incumbent on him to make an inspection of the pole, where the defect is not obvious.

---

¶ 3. See Master and Servant, vol. 34, Cent. Dig. § 717.

**4. SAME—INSPECTION BY DEFENDANT.**

It is the duty of an employer, who sends a servant to the top of a telegraph pole, to inspect the pole in order to see whether it is safe.

**5. SAME—PROXIMATE CAUSE.**

Where an electric lineman was injured owing to a pole on which he was at work falling when the wires were cut, and it appeared that the pole had deteriorated from dry rot, so that it was supported by only a small portion of good material, the proximate cause of the injury was the defect in the pole.

**6. SAME—NOTICE OF DEFECT.**

Where an electric lineman is injured by a pole on which he is working breaking with him, owing to it having deteriorated from dry rot, that the wires were being removed from wooden to iron poles did not amount to notice that the wooden poles were defective.

Goodrich, P. J., dissenting.

Appeal from trial term, Kings county.

Action by John Walsh against the New York & Queens County Railway Company. From a judgment in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

George F. Hickey, for appellant.
S. S. Whitehouse, for respondent.

WOODWARD, J. The plaintiff, a servant of the defendant, brings this action to recover damages for personal injuries alleged to have been sustained through the negligence of the defendant in that it did not provide him with a reasonably safe place in which to work. The defendant was engaged in removing its cables and wires, used in the operation of its electric street railway, from wooden poles on one side of Jackson avenue, Long Island City, to new iron poles on the other side of the avenue. The plaintiff was one of the linemen employed in this work, and preparatory to taking down the cables he ascended one of the wooden poles and started sawing the wire. After cutting through the wire, the pole fell, carrying the plaintiff with it, resulting in injuries to his ankle and back. The evidence showed that the pole, which was about one foot through at the point of breaking, was deteriorated by dry rot, so that it was supported only by a small portion of good material at the heart, though this fact, owing to the painting, was not obvious upon ordinary inspection of the surface. Other poles in the same vicinity, and presumptively set at the same time, were found to require chopping to bring them down, and it was evident from the testimony that the jury might find that nothing short of an inspection by means of tools which would develop the interior condition of the pole could discover the defective condition of the same. The jury found a verdict in favor of the plaintiff for $3,000, and the defendant appeals to this court.

The appellant urges that the proximate cause of the pole's breaking was the strain upon it from the wires and cables after they had been cut, through the negligence of the plaintiff and his fellow servants, this alleged negligence of the plaintiff and his fellow servants consisting in

a failure to use the proper appliances furnished by the defendant.
Without deciding this question, it may be said that there was a conflict
of evidence upon what what were the proper appliances to be used,
and there was evidence that the plaintiff, at the time of the accident,
was proceeding in a manner used by others, and which was not shown
to be improper or to involve greater danger than the method which
the defendant claims should have been adopted. The real question
here is whether the defendant provided a reasonably safe place in
which the plaintiff was to perform his labors; whether it had discharged
its duty in protecting him against dangers which were not known and
obvious to him in the performance of a duty necessarily involving
danger; and whether the plaintiff, in undertaking these dangerous
duties, used the degree of care which it was reasonable to expect of
him under the circumstances. He was not bound to exercise the
highest possible degree of care; he was not bound to fasten the pole
with guy ropes, braces, etc., which would make it impossible for the
pole to fall, unless the danger of proceeding otherwise was known
and obvious upon a reasonable inspection consistent with the discharge
of his duties. He had a right to assume that the master had dis-
charged its duty in so far as a reasonable use of his faculties would not
disclose to the contrary, and he had a right to use such of the appli-
ances furnished him by the defendant as appeared to be reasonably
adapted to the performance of the rude task before him. Jarvis v.
Northern New York Marble Co., 55 App. Div. 272, 276, 67 N. Y.
Supp. 78, and authority there cited. It was not the duty of the plain-
tiff to make an inspection of the pole, where the defect was not ob-
vious. That duty the law imposes upon the master (Jarvis v. North-
ern New York Marble Co., supra), and if the plaintiff was injured while
performing a duty imposed upon him by the master, and while in the
exercise of reasonable care, he is entitled to recover. The evidence
in this case shows conclusively that the pole was rotten and deteriorat-
ed, so that it was liable to fall whenever it was called upon to bear
any additional strain. The defendant knew that in sending the plaintiff
to the top of the pole for the purpose of removing the heavy cables
and wires the pole would be subjected to additional strain, and it was
the duty of the defendant to inspect the pole in order to know whether
it was safe for the plaintiff to climb it. The mere fact that the plain-
tiff did not use all of the precautions which would have been demanded
in the exercise of due care, had he known the condition of the pole,
does not deprive him of the right to recover for his injuries where it
appears that he used all of the precautions which were demanded under
the circumstances as they appeared upon the surface, and where there
was no obvious reason for believing that the pole was in a different
state of preservation from those about it. Here the accident did not
result from any negligence on the part of the plaintiff or of his fellow
servants. At least there was evidence from which the jury might reach
this conclusion, and the proximate cause of the accident was the defect
in the pole which it was the duty of the defendant to make an effort to
discover by means of an inspection before asking the plaintiff to under-
take the work of removing the cables and wires. McGuire v. Bell
Telephone Co., 167 N. Y. 208, 60 N. E. 433, 52 L. R. A. 437. There

was evidence that the work of inspection of poles was usually undertaken by men employed for that purpose, and there is no evidence that the defendant had made any proper inspection of the pole where the plaintiff was injured, and this defect in the defense is not met by the fact that the purpose of the work—the removal of the cables from wooden to iron poles—was intended to give notice that the wooden poles were defective. This is only one of the reasons that might have operated to induce the change, and it did not relieve the defendant from the duty of providing a reasonably safe place for the plaintiff to work.

We think the verdict for $3,000 is not excessive, and we are clearly of opinion that the learned court below did not err in refusing to dismiss the complaint at the close of defendant's case. There were questions of fact for the jury to determine, and with the result reached this court is not prepared to interfere.

The judgment and order appealed from should be affirmed, with costs. All concur, except GOODRICH, P. J., who dissents.

GOODRICH, P. J. I dissent. The plaintiff was a lineman for 15 years, and familiar with the dangers of that occupation. The accident resulted from his cutting a heavy cable without using the tackle provided for supporting the pole during such an operation. There were fellow servants engaged in doing the work, whose duty it was to examine the condition of the pole, and if they had done this its condition would certainly have appeared. Their failure to do so was the negligence of fellow servants.